UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMAS,<br><br>                              Plaintiff,<br><br>v.<br><br>MELISSA MIRAMONTES and RAMON BAZAN,<br><br>                              Defendants. | Case No.: 3:25-cv-02028-CAB-KSC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND CLOSING CASE**<br><br>[Doc. No. 9] |

Plaintiff James Thomas ("Plaintiff" or "Thomas") filed a civil complaint in the Southern District of Mississippi, [Doc. No. 1 ("Complaint" or "Compl.")], along with a request to proceed in forma pauperis [Doc. No. 9 ("IFP request").] [Doc. No. 2.] The case was transferred to this district because both named Defendants allegedly reside in San Diego and the event Plaintiff describes occurred in San Diego. [Doc. No. 10.] For the reasons discussed below, the Court **DENIES** Plaintiff's motion to proceed IFP.

## I.    BACKGROUND

Plaintiff's Complaint alleges "[h]ate crime, [d]efamation on the [p]eople, false arrest [by San Diego Police Department], and discrimination." [Compl. at 4.] The Complaint appears to stem from a number of interactions described in a mostly unintelligible document filed approximately two weeks after the Complaint was filed. [Doc. No. 4.]

With respect to Defendant Miramontes, a security guard with a private security company, Plaintiff alleges she "selectively targeted" Plaintiff to move his tent off the sidewalk so the sidewalk could be cleaned.  [Doc. No. 4 at 2.]  With respect to Defendant Bazan, though the attachment seems to mention various unrelated interactions with the San Diego Police Department in 2021 and 2022, Defendant Bazan's role is entirely unclear.  [*Id.* at 1.]  He is simply listed at the end of the attachment with his name and badge number.  [*Id.*]

## I.    DISCUSSION

### A.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency.  28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007).  To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide [for himself] and dependents with the necessities of life."  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1229 (9th Cir. 2015).

The Southern District of California has a standardized application to proceed IFP which requires a detailed accounting of income and expenses that is signed by the requestor.  Here, Plaintiff submitted documentation only of his monthly Social Security benefits and the amount of his rent.  [Doc. No. 9.]  The Court cannot properly assess Plaintiff's IFP application without complete documentation as required by our district's

---

[1]  Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

form affidavit.  The Court therefore **DENIES** Plaintiff's IFP application and **ORDERS** the Clerk of Court to provide a copy of the district's application to proceed IFP to the Plaintiff.

## B.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

If Plaintiff submits a completed IFP and the Court grants it, the Court must then screen the complaint and *sua sponte* dismiss it to the extent that it fails to state a claim or seeks damages from defendants who are immune.  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP.  *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Given Plaintiff's position as a pro se litigant, the Court notes that the current Complaint is missing basic information and is on the whole nearly impossible to decipher.  First, any alleged facts must be contained in the complaint itself, not as a separate attachment.  *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (explaining that considering documents outside the complain normally converts to a summary judgment motion).  Second, Plaintiff must clearly identify the law or right he thinks was violated, explain what each defendant did, when and where they did it, and how each defendant's acts or omissions caused him harm.  The Court strongly encourages Plaintiff to use this district's Pro Se Non-Prisoner Form Complaint for a Civil Case.

///
///
///
///
///
///
///
///
///
///

**II.    CONCLUSION**

The Court **DENIES** Plaintiff's application to proceed IFP and <u>directs the Clerk of Court to close the case.</u>  To re-open the case, Plaintiff must either (1) pay the required filing fee or (2) submit a fully completed IFP application that is granted by the Court.

The Court further directs the Clerk of Court to mail the Plaintiff a copy of this Order, a blank copy of this district's Application to Proceed IFP, and a blank copy of this district's Pro Se Non-Prisoner Form Complaint for a Civil Case.

It is **SO ORDERED**.

Dated:  November 20, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge